IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHEN ANTHONY NEARY ) | |
| ) | Bankruptcy No. 20-10212-JGR |
| ) | |
| ) | |
| JOSH MORGAN ) | Adversary No. 20-1048-JGR |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STEPHEN ANTHONY NEARY ) | |
| ) | |
|    Defendant. ) | |

## ANSWER TO COMPLAINT

The Defendant, Stephen A. Neary ("Defendant"), by and through his attorneys, Kutner Brinen P.C., states his Answer to the Complaint to Determine Debt and Dischargeability of Debt and Objection to Debtor's Discharge ("Complaint") filed by Josh Morgan ("Plaintiff") as follows:

### JURISDICTION

1. Defendant admits that the above-captioned matter is an adversary proceeding. The Defendant denies all other allegations in paragraph 1 of the Complaint.

2. Defendant admits that this Bankruptcy Court has jurisdiction.

3. Defendant admits this proceeding is a core proceeding. To the extent required, the Defendant consents to this Court exercising subject matter jurisdiction over the Plaintiff's claims.

4. Defendant denies that Plaintiff is a creditor, but admits that Plaintiff has standing to assert the claims set forth in the Complaint as an alleged creditor.

COMPLAINT TO DETERMINE DISCHARGEABILITY
PURSUANT TO 11 U.C.S. §523

**FACTUAL BACKGROUD**

5. Defendant incorporates by reference his responses to paragraphs 1 through 4 above as if fully set forth herein.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits that he was an owner and member of Builtrite Builders, LLC ("Builtrite"). Defendant denies all other allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant admits that Plaintiff paid a deposit of $30,000. The Contract speaks for itself, and Defendant denies any allegations regarding the Contract to the extent it is not entirely consistent with the Contract. Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and therefore denies the same.

15. The Contract speaks for itself, and Defendants denies the first sentence of Paragraph 15 of the Complaint to the extent it is not entirely consistent with the Contract. Defendant denies all remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and therefore denies the same.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. The Statement of Financial Affairs for Builtrite speaks for itself, and Defendant denies the allegations in Paragraph 24 of the Complaint to the extent they are not entirely

consistent with the such document. Defendant denies all other allegations set forth in Paragraph 24 of the Complaint.

  25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint

## FIRST CLAIM FOR RELIEF
### Relief from Discharge under 11 U.S.C. § 523 (2)(A)

  26. Defendant incorporates by reference his responses to paragraphs 1 through 25 above as if fully set forth herein.

  27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

  28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

  29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

  30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

## SECOND CLAIM FOR RELIEF
### Relief from Discharge under 11 U.S.C. § 523 (2)(B)(iii)

  31. Defendant incorporates by reference his responses to paragraphs 1 through 30 above as if fully set forth herein.

  32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

  33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

  34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

  35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

  36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

  37. Defendant hereby denies any allegations in the Complaint that were not specifically admitted.

## AFFIRMATIVE DEFENSES

  1. The Complaint fails to state a claim upon which relief may be granted.

  2. Builtrite did not complete the Project solely due to Plaintiff's own conduct.

  3. Plaintiff is barred from any recovery based upon the doctrine of estoppel.

  4. Plaintiff is barred from any recovery based upon a failure of consideration.

  5. Plaintiff received the full value of any funds paid to Builtrite.

  6. Plaintiff is barred from any recovery based upon the doctrine of unclean hands.

  7. Plaintiff is barred from any recovery based upon the doctrine of waiver.

  8. Plaintiff failed to mitigate his damages, if any.

9. Plaintiff is barred from any recovery due to his own breach the subject contract.

WHEREFORE, the Defendant prays that the Court make and enter Judgment in his favor, award attorneys' fees and costs, and grant such further and additional relief as to the Court may appear proper.

DATED: March 19, 2020 Respectfully submitted,

By: /s/ Jeffrey S. Brinen
Jeffrey S. Brinen, #20565
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-mail: jsb@kutnerlaw.com