UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHEN ANTHONY NEARY ) | |
| ) | Bankruptcy No. 20-10212-JGR |
| _____ ) | |
| ) | |
| JOSH MORGAN ) | Adversary No. 20-1048-JGR |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STEPHEN ANTHONY NEARY ) | |
| ) | |
|    Defendant. ) | |

**MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN PLAINTIFF JOSH MORGAN AND DEFENDANT STEPHEN A. NEARY**

Stephen A. Neary ("Defendant"), by and through his attorneys, Kutner Brinen, P.C., hereby submits his Motion to Approve Settlement Agreement in the above-captioned Adversary Proceeding (the "Adversary Proceeding"), and in support thereof states as follows:

1. Defendant filed for relief under Chapter 7 of the United States Bankruptcy Code on January 13, 2020.

2. Defendant was an owner of Builtrite Builders, LLC ("Builtrite"), a residential homebuilder, on September 6, 2018, when Plaintiff and Builtrite, entered into a contract for the construction of a home. Plaintiff alleges that he was fraudulently induced by Defendant and another owner of Builtrite into providing a $30,000 deposit and additional construction draws with no intention of using such funds for construction of the Plaintiff's home.

3. Plaintiff filed the above-captioned Adversary Proceeding against the Defendant alleging that he suffered damages as a result of Defendant's actions, and that such damages should be nondischargable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B).

4. Defendant filed an Answer and Affirmative Defenses denying the claims.

5. To avoid the cost and uncertainty of further litigation in the Adversary Proceeding, Plaintiff and Defendant have entered into a written Settlement Agreement contingent upon Court approval (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

6. The Settlement Agreement includes the following essential terms:

   a. Defendant agrees to pay Plaintiff the total sum of $10,000 ("Settlement Sum") to fully satisfy any and all amounts due to Plaintiff. The Settlement Sum shall be paid upon execution of the Settlement Agreement and held by Plaintiff's counsel pending Court approval.

   b. Within 30 days after payment in full of the Settlement Sum, Plaintiff and Defendant shall stipulate to dismissal of the Adversary Proceeding with prejudice.

   c. Except for the obligations set forth in the Settlement Agreement, including Plaintiff's retention of his claim in this Bankruptcy Proceeding (less the Settlement Sum) Plaintiff and Defendant release one another from any and all claims of any nature, known or unknown, to the date of the Settlement Agreement.

## RELIEF REQUESTED

7. The Debtors seek approval of the Agreement pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019. The law generally favors compromises and settlements of disputes between parties. *See Stanpec Corp. v. Jelco, Inc.*, 464 F.2d 1184 (10th Cir. 1972).

8. Fed. R. Bankr. P. 9019 provides that, after notice to creditors and opportunity for a hearing, the bankruptcy court may approve a compromise or settlement. "The standards by which to evaluate a settlement proposal have been defined by the courts." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989). "In general, the court must determine whether the settlement is fair and equitable and in the best interests of the estate." *Id.* The factors to consider in this determination are (1) the probability of success on the merits in the litigation; (2) the difficulties, if any, to be encountered in collection of any judgment that might be obtained; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of creditors and the proper deference to their reasonable views in the premises. *Id.* at 976-77.

9. Although both parties believe they would prevail in the Adversary Proceeding, there is no guaranty of success for either party and both prefer to settle and eliminate further expense and any risk of loss.

10. Thus, approval of the Agreement is in the best interests of the Defendant and the Plaintiff.

11. Collection of any judgment would not impact the bankruptcy estate.

12. The litigation is somewhat complex and document intensive and would likely involve expert testimony. In general, the litigation would be expensive and time consuming for the parties.

WHEREFORE, Plaintiff prays that the Court make and enter an Order approving the Settlement Agreement between Josh Morgan and Stephen Neary, and for such further and additional relief as to the Court may appear proper.

Dated: July 27, 2020  Respectfully submitted,

By: */s/ Jeffrey S. Brinen*
Jeffrey S. Brinen, #20565
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Email: jsb@kutnerlaw.com

## CERTIFICATE OF SERVICE

I certify that on July 27, 2020, I served a complete copy of the **MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN PLAINTIFF JOSH MORGAN AND DEFENDANT STEPHEN A. NEARY** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Scott L. Evans, Esq.
Joshua B. Abromovitz, Esq.
Messner Reeves LLP
1430 Wynkoop Street
Suite 300
Denver, CO 80202

/s/Vicky Martina
**Vicky Martina**
**Kutner Brinen PC**