## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement"), dated as of July 9, 2020, is made between JOSH MORGAN ("Morgan") and STEPHEN A. NEARY ("Neary"). The "Parties" shall mean Morgan and Neary.

### RECITALS

WHEREAS, on or about September 6, 2018, Morgan entered into a contract with Builtrite Builders, LLC ("Builtrite") for the construction of a home, at which time Neary was an owner and employee of Builtrite.

WHEREAS, Morgan claims that he suffered damages due to Neary and another owner of Builtrite fraudulently inducing him to provide a $30,000 deposit and arranging for additional construction draws to be provide to Builtrite with no intention of using such funds for construction of Morgan's home ("Damages").

WHEREAS Neary filed a Chapter 7 bankruptcy case on January 13, 2020, Case No. 20-10212-JGR (the "Bankruptcy Case").

WHEREAS, Morgan filed an adversary proceeding in the Bankruptcy Case styled as *Josh Morgan v. Stephen A. Neary*, Case No. 20-1048-JGR, now pending in the United States Bankruptcy Court for the District of Colorado (the "Adversary Proceeding"). In the Adversary Proceeding, Morgan seeks a determination that the Damages are nondischargeable pursuant to 11 U.S. C. § 523(a).

WHEREAS, Neary filed an Answer in the Adversary Proceeding in which he denied that he is personally liable for the Damages and that the Damages are nondischargeable;

WHEREAS, recognizing the expense and uncertainty of resolving their differences by a trial in the Adversary Proceeding, after settlement discussions, the Parties have agreed to settle and fully resolve the claims in the Adversary Proceeding.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, it is agreed as follows:

1. **Recitals**. The foregoing recitals are incorporated into this Settlement Agreement in their entirety.

2. **Payment**. Neary agrees to pay Morgan the sum of $10,000 (the "Settlement Sum"), as follows: in one lump sum upon execution of this Settlement Agreement. The Settlement Sum shall be paid to and held in trust by Morgan's counsel pending approval of this Settlement Agreement by the Bankruptcy Court. In the event the Bankruptcy Court does not approve this Settlement Agreement, said Agreement shall be null and void and the Settlement Sum shall be promptly returned to Neary.

3. <u>No Admission</u>. Entering into this Settlement Agreement shall not constitute or be construed as an admission of liability or wrongdoing of any nature by Neary.

4. <u>Neary Release</u>. Except as set forth in this Settlement Agreement, Neary, on behalf of himself, his agents, representatives, successors, assigns, executors, administrators, attorneys, and anyone claiming through him (the "Neary Releasing Parties") hereby generally, irrevocably and unconditionally releases, remises and forever discharges Morgan, his agents, representatives, successors, assigns, executors, administrators, attorneys (the "Morgan Released Parties") from and for all claims, demands, debts, duties, obligations, damages, accounts, liabilities, costs, expenses, attorneys' fees, suits, actions and causes of action, of every kind or nature, whether arising at law, in equity, or by statute, currently known or unknown, contingent or actual, liquidated or unliquidated, that might or could arise under federal, state, local or common law, that the Neary Releasing Parties now have, have had or will have from the beginning of the world to the date of this Settlement Agreement against the Morgan Released Parties, for, upon, by reason of, or arising out of, or related to any cause, act, occurrence, transaction, event or thing, including, but not limited to, all matters that have been raised or could be affirmatively raised in the Adversary Proceeding.

6. <u>Morgan Release</u>. Except as set forth in this Settlement Agreement, Morgan, on behalf of himself, his agents, representatives, successors, assigns, executors, administrators, attorneys, and anyone claiming through him (the "Morgan Releasing Parties") hereby generally, irrevocably and unconditionally release, remise and forever discharge Neary, his agents, representatives, successors, assigns, executors, administrators, and attorneys (the "Neary Released Parties") from and for all claims, demands, debts, duties, obligations, damages, accounts, liabilities, costs, expenses, attorneys' fees, suits, actions and causes of action, of every kind or nature, whether arising at law, in equity, or by statute, currently known or unknown, contingent or actual, liquidated or unliquidated, that might or could arise under federal, state, local or common law, that the Morgan Releasing Parties now have, have had or will have from the beginning of the world to the date of this Settlement Agreement against the Neary Released Parties, for, upon, by reason of, or arising out of, or related to any cause, act, occurrence, transaction, event or thing, including, but not limited to, all matters that have been raised or could be raised in the Adversary. Notwithstanding the foregoing, Morgan shall retain any and all rights he has to any bankruptcy claim he has submitted in the Bankruptcy Case or any related bankruptcy case involving Builtrite or its principals (except for any right to claim such amounts are non-dischargeable debt) and shall be entitled to participate in any distributions or dividends of assets on a pro-rata basis with all other creditors in such proceedings with the claim being reduced by the amount of the Settlement Sum.

7. <u>Bankruptcy Court Approval</u>. This Settlement Agreement is subject to and contingent upon Bankruptcy Court approval. The Parties shall take all necessary action to obtain the approval of this Settlement Agreement by the Bankruptcy Court in the Adversary Proceeding.

8. No Party has made any representation other than those expressly set forth in this Settlement Agreement. Each Party has conducted a complete and independent investigation of all facts relating to this Settlement Agreement and, other than as set forth herein,

relieves the other Party of any duty or obligation to disclose any information in connection with the execution of this Settlement Agreement.

9. Each of the Parties hereto represents and warrants that he has the right and authority to enter into the release included herein and has not assigned any claim, action, cause of action, suit, debt, dues, account contract, controversy, agreement, promise, damages, award, demand or judgment, in law or equity, that it had, has or may hereafter have arising from the claims or defenses set forth in the Adversary, the settlement of this controversy or any other claims described in this Settlement Agreement.

10. The Parties shall bear their own costs, expenses and attorneys' fees incurred in connection with the matters addressed herein and in preparing and implementing this Settlement Agreement. In the event of any litigation or dispute between the Parties regarding the Settlement Agreement, the prevailing Party shall be entitled to reimbursement of its costs and expenses, including all attorneys' fees and costs incurred in connection therewith.

11. Both of the Parties hereto acknowledge that they had the opportunity to consult with and be represented by independent counsel of their own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

12. This Settlement Agreement, and any disputes arising hereunder, shall be governed by, and construed and interpreted in accordance with, the laws of the State of Colorado.

13. This Agreement may not be amended except in a writing signed by all Parties hereto.

14. This Settlement Agreement shall bind and inure to the benefit of the Parties, their respective heirs, successors and assigns.

15. To the extent that a court of competent jurisdiction enters judgment declaring any material provision of this Settlement Agreement to be invalid or unenforceable, the remainder of this Settlement Agreement shall remain in full force and effect, such remaining provisions being deemed modified to the extent necessary to comply with the judgment.

16. This Agreement represents the entire understanding between the Parties hereto, and all modifications and amendments hereto must be in writing and signed by all Parties. This Agreement is the product of negotiation and shall not be construed against any Party.

17. This Settlement Agreement may be executed in any number of identical counterparts, any and all of which may contain the signatures of less than all Parties, and all of which may contain the signatures of less than all Parties, and all of which shall be construed together as a single document. Electronic signatures shall be treated as original signatures.

IN WITNESS WHEREOF, this Settlement Agreement has been executed by the parties below as of the date first written above.

_____   _____ 7/13/2020
**JOSH MORGAN**                                                    STEPHEN A. NEARY

IN WITNESS WHEREOF, this Settlement Agreement has been executed by the parties below as of the date first written above.

_____  
JOSH MORGAN

_____  
STEPHEN A. NEARY